UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM ALFRED PEARSON, | ) | Civil Action No.: 4:06-cv-03330-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ABBOTT LABORATORIES ANNUITY RETIREMENT PLAN; and ABBOTT LABORATORIES, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Pending before the court is Defendants' [Docket Entry #7] motion to dismiss Plaintiff's second cause of action (breach of fiduciary duty) and to strike Plaintiff's request for a jury trial. For the following reasons, Defendants' motion is granted.

### **Background**

Defendants timely removed this action, which was originally filed in the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit in Florence County, South Carolina. Plaintiff seeks to recover benefits allegedly due under the Abbott Laboratories Annuity Retirement Plan ("Plan"). The Plan is an employee retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001-1461).

Plaintiff alleges that when he retired from Abbott Laboratories he was advised by employees and agents for Abbott Laboratories that he would receive the level income option for 100% joint and survivor annuity, which would provide a monthly retirement benefit of $3,470.62 before age 62 and would be reduced to $2,210.62 after age 62. In a letter dated March 19, 2006, Abbott Laboratories stated that instead of the 100% option, Plaintiff was

being paid at the level income 50% joint and survivor annuity option with a monthly benefit of $3,893.29, which would be reduced to $2,633.29 after age 62.  In a letter dated June 8, 2006, Abbott Laboratories notified Plaintiff that they were going to reduce Plaintiff's benefit to the 100% joint and survivor <u>non-level</u> income option annuity and also deduct from that amount what they called an overpayment, lowering Plaintiff's monthly benefit to $1,142.72 for 46 months after which it would increase to $2,685.72 per month.  Plaintiff appealed this reduction to no avail.

Plaintiff's Complaint alleges two causes of action: 1) claim for benefits due under 29 U.S.C. § 1132(a)(1)(B) against the plan, Defendant Abbott Laboratories Annuity Retirement Plan; and 2) breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) against his former employer, Defendant Abbott Laboratories.  Plaintiff also seeks attorney fees and costs and requests that the amount of his monthly benefit be determined by a jury.

Defendants have moved to dismiss Plaintiff's breach of fiduciary duty claim and to strike his request for a jury trial.

## Discussion

A.     <u>Breach of Fiduciary Duty Claims</u>

Defendants argue that Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) should be dismissed pursuant to the holdings in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101 (4th Cir. 2006).  In *Varity Corp.*, the Supreme Court recognized that § 1132(a)(3) authorized a lawsuit for breach of fiduciary duty in which individualized equitable relief was sought. 516 U.S. at 515.  However, the Supreme Court was careful to note that "where Congress elsewhere provided adequate relief

2

for a beneficiary's injury, there will likely be no need for further equitable relief, in which case [relief under § 1132(a)(3)] normally would not be 'appropriate.'" *Id*.

Interpreting *Varity Corp.*, the Fourth Circuit held in *Korotynska v. Metropolitan Life Ins. Co.*, that when § 1132(a)(1)(B) affords the plaintiff adequate relief, a cause of action under § 1132(a)(3) is not appropriate. *Korotynska*, 474 F.3d at 107; *see also Edmonds v. Hughes Aircraft Co.*, 145 F.3d 1324, No. 97-1431, 1998 WL 228200, at *10 (4th Cir. May 8, 1998) (noting that the Supreme Court in *Varity Corp.* did not intend to create an additional cause of action for every beneficiary challenging a denial of benefits by his plan's fiduciary); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (stating that because plaintiff had adequate relief under § 1132(a)(1), relief through the application of § 1132(a)(3) would be inappropriate). The Fourth Circuit stated that:

> Although the Second Circuit has held that plaintiffs may seek relief simultaneously under § 1132(a)(1)(B) and § 1132(a)(3), the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was <u>potentially available to them</u> under § 1132(a)(1)(B), because, in *Varity*, "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies."

*Korotynska*, 474 F.3d at 106-7 (emphasis added) (internal citations omitted). The Fourth Circuit concluded that "[a] plaintiff whose injury consists of a denial of benefits 'has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under § 1132(a)(1),' and thus 'relief through the application of Section 1132(a)(3) would be inappropriate.'" *Id*. at 107.

3

Plaintiff in this case argues that his breach of fiduciary duty claim under § 1132(a)(3) is merely a safety net in the event his claim for benefits due under § 1132(a)(1)(B) fails for some procedural reason.[1]  "*Varity* allows equitable relief when the available remedy is inadequate, not when the legal framework for obtaining that remedy is, to the plaintiff's mind, undesirable." *Id*. at 108.  The simple fact that the Plaintiff may not prevail on his claim under § 1132(a)(1)(B) does not make his alternative claim under § 1132(a)(3) viable. *Tolson*, 141 F.3d at 610.  "To permit the suit to proceed as a breach of fiduciary duty action would encourage parties to avoid the implications of [§ 1132(a)(1)(B)] by artful pleading." *Korotynska*, 474 F.3d at 108 (citing *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 714 (4th Cir. 1996)).  Thus, potential procedural defects in Plaintiff's claim for benefits under § 1132(a)(1)(B) do not render Plaintiff's breach of fiduciary duty claim viable.  In other words, the fact that procedural defenses may be raised against Plaintiff's claim for benefits does not affect the adequacy of Plaintiff's remedy under § 1132(a)(1)(B).

Plaintiff alleges the same injuries under his claim for benefits due and his claim for breach of fiduciary duty.  Specifically, Plaintiff alleges that he "has lost benefits in an amount not known in full by Plaintiff but upon belief and information such loss approximates the amount of benefits due under the terms of the level income option of the Retirement Plan for

---

[1] "The Plaintiff's § [1132(a)(3)] claim is a safety net, in a sense, in that it could provide the Plaintiff equitable relief in the event Plaintiff's § [1132(a)(1)(B)] claim failed for some procedural reason. (i.e., statute of limitations, failure to exhaust administrative remedies, etc.).

If Defendants intend to raise procedural defects as defenses, the Plaintiff believes he is entitled to pursue a § [1132(a)(3)] claim to provide the Plaintiff equitable relief in the event his  § [1132(a)(1)(B)] claim fails for procedural reasons." [Plaintiff's Opposition to Defendant, Abbott Laboratories' Motion to Dismiss and to Strike, at pg. 3-4, Docket Entry #8].

4

each month since June 8, 2006, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full." [Complaint ¶¶ 32, 39, Docket Entry # 1-2]. Plaintiff also alleges under both causes of action that the Defendant Plan "has been unjustly enriched in an amount not known in full by Plaintiff but upon belief and information such unjust enrichment approximates the amount [sic] benefits due under the terms of the level income option of the Retirement Plan, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full." [Complaint ¶¶ 33, 40, Docket Entry # 1-2]. To allow a claim under § 1132(a)(3) under these circumstances would permit the Plaintiff to simply re-characterize his claim to recover benefits as a breach of fiduciary duty claim, a result which the Supreme Court expressly rejected. *Korotynska*, 474 F.3d at 107.

The Supreme Court did not intend with its decision in *Varity Corp.* to create an additional cause of action to recover benefits due under an ERISA plan when an adequate remedy to recover those benefits exists under § 1132(a)(1)(B). *See Cherepinsky v. Sears Roebuck and Co.*, 487 F. Supp. 2d 632, 642 (D.S.C. 2006) (stating that "[b]ecause adequate relief is available to the Plaintiff under [§ 1132(a)(1)(B)], Plaintiff is not entitled to individualized relief under section [§ 1132(a)(3)]"); *Hoyle v. Liberty Life Assur. Co. of Boston Inc.*, 291 F. Supp. 2d 414, 417-18 (W.D.N.C. 2003) (dismissing breach of fiduciary duty claim under § 1132(a)(3) where plaintiff had adequate remedy under § 1132(a)(1)(B)); *Doss v. Hartford Life Ins. Co.*, No. 3:05CV386-C, 2005 WL 3864114, at *2 (W.D.N.C. Dec. 21, 2005) (stating "it is well settled that where a Plaintiff has available to her other adequate relief under ERISA, such as a claim for benefits under Section [1132(a)(1)(B)], a breach of fiduciary duty claim brought under Section [1132(a)(3)] is duplicative and must be dismissed"), *adopted by*,

2006 WL 695022 (W.D.N.C. March 12, 2006); *Sawyer v. Potash Corp. of Saskatchewan*, 417 F. Supp. 2d 730, 745 (E.D.N.C. 2006) (stating "a plaintiff may not pursue a claim under § [1132(a)(3)] related to an alleged wrongful denial of benefits for which she has also sought a remedy under § [1132(a)(1)(B)]"); *Crummett v. Metropolitan Life Ins. Co.*, No. 06-1450, 2007 WL 2071704, at *3 (D.D.C. July 16, 2007) (dismissing plaintiff's breach of fiduciary duty claim under § 1132(a)(3) concluding that the plaintiff merely repackaged her benefits claim as a breach of fiduciary duty claim); *Rice ex rel. Rice v. Humana Ins. Co.*, No. 07 C 1715, 2007 WL 1655285, at *3 (N.D.Ill. June 4, 2007) (dismissing plaintiff's § 1132(a)(3) breach of fiduciary duty claim noting that the relief plaintiff was seeking in his claim under § 1132(a)(3) was also available to him under § 1132(a)(1)(B)).

Furthermore, where the resolution of a plaintiff's claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA, the plaintiff's claim is actually a claim for benefits. *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999).  In the instant case, resolution of the Plaintiff's claim turns on whether the Plaintiff was entitled to the level income option or the non-level income option, and whether the Plaintiff was overpaid during the time he received retirement benefits under the level income 50% joint and survivor annuity option.  Determination of those issues rests upon an interpretation and application of the Abbott Laboratories Annuity Retirement Plan rather than an interpretation and application of ERISA.

Plaintiff's alleged injury stems from the fact that his monthly benefit was reduced from the level income option to the non-level income option.  Plaintiff can adequately remedy this alleged injury through his claim for benefits due under § 1132(a)(1)(B).  Because it is apparent

from the face of the Complaint that Plaintiff has an adequate remedy under § 1132(a)(1)(B) for the injuries he alleged, i.e. reduction in benefits due under the Plan, and his breach of fiduciary duty claim is merely a repackaged claim for benefits due, Plaintiff's claim for breach of fiduciary duty is dismissed. *See Korotynska*, 474 F.3d at 108.

B.    Jury Demand

Defendants argue that Plaintiff's request for a jury trial be stricken because virtually all of the Circuit Courts of Appeals have held that actions under ERISA are non-jury. *See, e.g., Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561 (2d Cir. 1998); *Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning*, 934 F.2d 35 (3d Cir. 1991); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 (6th Cir. 1997); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir. 1980); *Kirk v. Provident Life & Accident Ins. Co.*, 942 F.2d 504 (8th Cir. 1991); *Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156 (10th Cir. 1998); *Blake v. Unionmutual Stock Life Ins. Co. of America*, 906 F.2d 1525 (11th Cir. 1990); *Conners v. Ryan's Coal Co.*, 923 F.2d 1461 (11th Cir. 1991).  Plaintiff cites a number of district court cases which have held that jury trials were permissible in some ERISA cases. *See, e.g., Vaughn v. Owen Steel Co., Inc.*, 871 F. Supp. 247 (D.S.C. 1994); *McDonald v. Artcraft Elec. Supply Co.*, 774 F. Supp. 29 (D.D.C. 1991); *Steeples v. Time Ins. Co.*, 139 F.R.D. 688 (N.D.Okla. 1991); *Blue Cross & Blue Shield of Alabama v. Lewis*, 753 F. Supp. 345 (N.D.Ala. 1990); *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 882 (S.D.N.Y. 1990): *Wright v. Anthem Life Ins. Co.*, No. 399CV33, 2000 WL 870807 (N.D.Miss. June 14, 2000).

Plaintiff argues that *Firestone Tire & Rubber Co. v. Bruch* created an implied right to a jury trial in some ERISA cases by analogizing denial of benefits claims to legal breach of contract claims. 489 U.S. 101, 112 (1989). Before *Firestone*, the Fourth Circuit determined in *Berry v. Ciba-Geigy Corp.* that there was no implied right to a jury trial under ERISA. *Berry*, 761 F.2d 1003, 1007 (4th Cir. 1985). After *Firestone*, the Fourth Circuit implicitly affirmed the holding in *Berry* concluding that the plaintiff's claim for ERISA benefits should have been tried by the court under the principles of ERISA, rather than before the jury under Illinois contract law. *See Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 298 (4th Cir. 1993). In line with this Circuit's precedent, this court holds that jury trials are not available under ERISA. *See Biggers*, 4 F.3d at 298; *Berry*, 761 F.2d at 1007; *accord Cherepinsky v. Sears Roebuck and Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006); *Ellis v. Metropolitan Life Ins. Co.*, 919 F. Supp. 936, 938 (E.D.Va. 1996); *Allison v. Continental Cas. Ins. Co.*, 953 F. Supp. 127, 128 (E.D.Va. 1996); *Colonial Williamsburg Foundation v. Blue Cross and Blue Shield of Virginia*, 909 F. Supp. 386, 388 (E.D.Va. 1996). As such, Plaintiff's request for a jury trial is stricken.

## Conclusion

For the reasons stated above, Defendants' [Docket Entry #7] motion to dismiss Plaintiff's second cause of action (breach of fiduciary duty) and to strike Plaintiff's request for a jury trial is **GRANTED**. This case shall proceed, non-jury, on Plaintiff's remaining cause of action, the claim for benefits due under 29 U.S.C. § 1132(a)(1)(B).

September 10, 2007                                           s/ R. Bryan Harwell
Florence, S.C.                                                    R. Bryan Harwell
                                                                         United States District Judge